## (June 12, 1969)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL ROGERS, Appellant.— Judgment of conviction rendered June 17, 1968, upon defendant's plea of guilty, entered at the end of the People's case, affirmed. This defendant and one Smith on September 29, 1967, robbed and injured one John Wayne. They were arrested on the evening or early morning following the occurrence and on October 20, 1967, indicted charged with robbery in the first degree and related crimes. The defendant stood mute and a plea of not guilty was entered. At defendant's arraignment in Criminal Court on September 30, 1967 the mother of defendant requested that defendant be committed to Bellevue for psychiatric examination. Defendant's attorney noted that he had spoken to defendant's mother and requested the observation be held in abeyance. Defendant pro se and through one of the three attorneys assigned in sequence to him made various motions, the last of which occurred on March 26, 1968 on the eve of trial, when his then attorney requested that defendant be sent to

Bellevue or Kings County Hospital for observation. This was the first direct application by defendant or his attorney for observation, and in the context in which the request appeared was purely a dilatory tactic and without factual basis in the record. Defendant had been released from prison some 14 days prior to the commission of the instant offense. On the occasion involving commitment for the earlier offense, as at the time of sentence for the crimes charged here, the court had the benefit of a psychiatric report. This defendant was found sane and mentally capable. In fact, at sentencing retained counsel, defendant's fourth lawyer, after a motion to withdraw the guilty plea on the ground, *inter alia,* that no psychiatric examination was ordered, expressed the view that defendant was very intelligent and aware of what he had done and that it was wrong. Such observation is not determinative of the fact, but a mere reading of the record supports the conclusion that any claim of legal mental insufficiency is without foundation. Moreover, though earlier offered an opportunity to plead not guilty by reason of insanity, defendant refused to enter any such plea. On this appeal defendant attacks the conviction because of the refusal to direct a psychiatric examination as requested. *Pate* v. *Robinson* (383 U. S. 375) may be readily distinguished from this case. There the defendant had a long history of disturbed behavior, had committed many acts of violence including the killing of his infant son, had attempted suicide and had been confined as a psychopathic patient. In this case the earlier commitment for observation and the psychiatric treatment defendant claims to have received apparently were not the result of a psychosis or a psychopathic condition but because of some emotional instability. While the court should and must be vigilant to protect the rights of a defendant, especially if there is reason to suspect mental deficiency, a mere request for a psychiatric examination without some rational or reasonable basis being shown to exist therefor, does not warrant the setting aside of a judgment of conviction upon a plea entered voluntarily (cf. *People* v. *Nixon,* 21 N Y 2d 338, 355). Nor does this record raise any question sufficient, in the view we take, to warrant remanding for a hearing. This defendant has been incarcerated since the time of arrest and subsequent conviction. The other points raised by defendant on this appeal have been considered and found to be without merit. Concur — Stevens, P. J., Eager, McGivern and Steuer, JJ.; Nunez, J., dissents in the following memorandum: I dissent and vote to reverse the judgment of conviction and to remit the case to Trial Term for a hearing to determine whether the defendant was competent at the time of the commission of the crime and at the time of sentencing. Defendant's history of mental illness and institutionalization was such that the sentencing court was bound to conduct the requested sanity hearing. Requests for psychiatric examination were first made when defendant was arraigned in Criminal Court on September 30, 1967 and before his trial commenced on March 26, 1968. Defendant's prior history of mental illness was disclosed to the court. His applications were denied in each instance. At the conclusion of the People's case the defendant, having represented himself, entered a plea of guilty to the indictment. On the day of sentencing appellant sought to withdraw his plea of guilty on the grounds, among others, that no psychiatric examination had been conducted. He received an indeterminate sentence with a 10-year maximum. Conviction of a legally incompetent person is a violation of due process. (*Bishop* v. *United States,* 350 U. S. 961.) A defendant is constitutionally entitled to a hearing on the question of his competence to stand trial. (*Pate* v. *Robinson,* 383 U. S. 375.) In *Pate* the defendant was alert at the trial, engaged in colloquies with the court and appeared to understand the proceedings. The Supreme Court stated that while these facts were relevant, they were insufficient to determine

sanity and ordered a new trial. In the instant case the trial court made its determination of competence solely on the basis of appellant's conduct despite his request for a psychiatric examination. (See, also, *People* v. *Gonzalez*, 20 N Y 2d 289; *People* v. *Bangert*, 22 N Y 2d 799; *People* v. *Hudson*, 19 N Y 2d 137.)